UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| ANTHONY L. DAVIS, | ) | |
| | ) | |
|     *Petitioner*, | ) | |
| | ) | |
| v. | ) | 3:05-cv-543 |
| | ) | *Jordan* |
| | ) | |
| JAMES BERRONG, | ) | |
| *Sheriff of Blount County, Tennessee* | ) | |
| | ) | |
|     *Respondent*. | ) | |

## **MEMORANDUM**

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner states that he is being held in the Blount County Jail on a federal parole violation and that his constitutional right to due process is being violated.

In response to the habeas petition, the United States Attorney admits that petitioner is being held pursuant to a parole violation, pending a hearing before the Federal Bureau of Prisons Parole Board, and states that petitioner's original criminal case emanates from the 1980s. The United States contends the habeas petition is barred by the one-year statute of limitation. Petitioner has not replied to the United States' response nor otherwise contradicted its contention.

There is a "1-year period of limitation [that] shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C.

§ 2244(d)(1). Challenges to custody pursuant to the judgment of a federal court are generally raised in a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. Section 2255 likewise provides a one-year statute of limitation for filing a motion under that section. Under the circumstances, the court finds that petitioner's habeas petition is untimely.

The petition for habeas corpus relief will be **DENIED** and this action **DISMISSED**. Rule 4 of the Rules Governing Section 2254 Cases In The United States District Courts. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253(c); Rule 22(b) of the Federal Rules of Appellate Procedure. The court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure. The court will further **DENY** petitioner leave to proceed *in forma pauperis* on appeal.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Leon Jordan<br>
United States District Judge